\*\*E-Filed 5/13/09\*\*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ERIKA CANAS, JOSE CANAS, a minor, by and through his guardian ad litem, and JESUS CANAS, a minor, by and through his guardian ad litem,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SUNNYVALE, CHRIS SEARLE, DARREN PANG and DOES ONE through TWENTY-FIVE,<br><br>Defendants. | Case Number C 08-5771 JF (PVT)<br><br>ORDER[1] GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND<br><br>[re: document no. 18] |

Defendants move to dismiss Plaintiff's First Amended Complaint ("FAC").  The Court has considered the moving and responding papers and the oral arguments of counsel presented at the hearing on May 1, 2009.  For the reasons discussed below, the motion to will be GRANTED, with leave to amend.[2]

---

[1] This disposition is not designated for publication in the official reports.

[2] The Court notes that while the instant order was in draft, Plaintiffs filed a second amended complaint.  This Court makes no comment as to the adequacy of that complaint.

Case No. C 08-5771 JF (PVT)
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND.
(JFEx2)

## I. BACKGROUND

This action arises out of the fatal shooting of Jose Francisco Canas ("Decedent") on September 12, 2007 by Defendants Chris Searle and Darren Pang. Both Searle and Pang are public safety officers employed by Defendant City of Sunnyvale. Searle and Pang were in the process of arresting Decedent pursuant to an arrest warrant based on Decedent's alleged involvement with an earlier stabbing.

On December 26, 2007, Plaintiffs Erika Canas and Jose and John Canas, Decedent's wife and twin sons respectively, filed claims pursuant to Government Code § 945.4. The City rejected the claims May 28, 2008. Five days later, Plaintiffs filed a complaint in the Santa Clara County Superior Court. Defendants removed the action to this Court and moved for dismissal under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs voluntarily dismissed their complaint without prejudice and on November 19, 2008 filed a second action in the state court. Defendants again removed the action to this Court and again moved to dismiss for failure to state a claim upon which relief may be granted. In response to that motion, Plaintiffs filed the FAC that is the subject of the instant motion.

Plaintiffs assert three claims for relief: (1) wrongful death based on the alleged negligence of Searle and Pang, (2) negligent infliction of emotional distress, and (3) violation of Decedent's civil rights under 42 U.S.C. § 1983.

## II. LEGAL STANDARD

**A. Motion to Dismiss**

"Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Medical Center*, 521 F.3d 1097, 1104 (9th Cir. 2008). For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the Court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). When amendment would be futile, however, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

### III. DISCUSSION

"A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." Cal. Gov't Code § 815.2. Both the FAC and the Plaintiff's Government Code claims set forth facts and arguments in support of their claim that Decedent's death was caused by Defendants' negligence. Plaintiffs allege specifically that the City negligently failed to train the officers on the "use of firearms and...lethal force, and the proper manner of...making arrests...as reasonably prudent police officers" and that the officers negligently failed to perform these duties. FAC ¶16. However, neither the FAC nor the Government Code claims identifies a specific statute that gives rise to a cognizable cause of action under California law; Plaintiffs must address this deficiency and in any amended pleading.

California Government Code § 945.4 requires presentation of claims to a public entity prior to initiation of a suit in court. Where claims against the public entity for an injury are barred, claims against public employees arising from the same injury also are barred. Cal. Gov't Code § 950.2. Defendants point out correctly that Plaintiffs' claim for negligent infliction of emotional distress was not included in the administrative claim filed by Plaintiffs on December 26, 2007. Plaintiffs also failed to set forth any facts showing that Erika Canas was present at the scene of the shooting or suffered any emotional distress as a result of having witnessed her husband's death. Under the circumstances, Plaintiffs may not assert the claim here. Although Plaintiffs potentially could revive the claim by obtaining relief under the Government Code, it appears that it may be too late for them to do so.

Civil rights claims under the Fourth and Fourteenth Amendments involve separate

pleading standards. The Fourth Amendment standard applies in this case because the shooting arose from an arrest or a "search and seizure." *Graham v. Connor,* 490 U.S. 386, 394 (1989). Plaintiffs also may be able to assert a Fourteenth Amendment substantive due process claim. However, the FAC does not allege Plaintiffs' civil rights claims separately or clearly. "The validity of the claim must ...be judged by reference to the specific constitutional standard which governs that right, rather than to some generalized excessive force standard." *Id.* (internal citation omitted). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* at 396 (internal citations omitted). "[I]n a [Fourteenth Amendment] due process challenge to executive action, the threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *County of Sacramento v. Lewis,* 523 U.S. 833, 847 n.8 (1998). Plaintiffs should amend their pleading accordingly.

## IV. ORDER

Good cause therefore appearing, the motion to dismiss is GRANTED, with leave to amend. Any amended complaint shall be filed within twenty (20) days of the date this order is filed.

DATED: 5/13/09

_____
JEREMY FOGEL
United States District Judge

4

Case No. C 08-5771 JF (PVT)
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
(JFEx2)

pleading standards. The Fourth Amendment standard applies in this case because the shooting arose from an arrest or a "search and seizure." *Graham v. Connor,* 490 U.S. 386, 394 (1989). Plaintiffs also may be able to assert a Fourteenth Amendment substantive due process claim. However, the FAC does not allege Plaintiffs' civil rights claims separately or clearly. "The validity of the claim must ...be judged by reference to the specific constitutional standard which governs that right, rather than to some generalized excessive force standard." *Id.* (internal citation omitted). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* at 396 (internal citations omitted). "[I]n a [Fourteenth Amendment] due process challenge to executive action, the threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *County of Sacramento v. Lewis,* 523 U.S. 833, 847 n.8 (1998). Plaintiffs should amend their pleading accordingly.

## IV. ORDER

Good cause therefore appearing, the motion to dismiss is GRANTED, with leave to amend. Any amended complaint shall be filed within twenty (20) days of the date this order is filed.

DATED: 5/13/09

_____
JEREMY FOGEL
United States District Judge

4

Case No. C 08-5771 JF (PVT)
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
(JFEx2)

pleading standards. The Fourth Amendment standard applies in this case because the shooting arose from an arrest or a "search and seizure." *Graham v. Connor,* 490 U.S. 386, 394 (1989). Plaintiffs also may be able to assert a Fourteenth Amendment substantive due process claim. However, the FAC does not allege Plaintiffs' civil rights claims separately or clearly. "The validity of the claim must ...be judged by reference to the specific constitutional standard which governs that right, rather than to some generalized excessive force standard." *Id.* (internal citation omitted). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* at 396 (internal citations omitted). "[I]n a [Fourteenth Amendment] due process challenge to executive action, the threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *County of Sacramento v. Lewis,* 523 U.S. 833, 847 n.8 (1998). Plaintiffs should amend their pleading accordingly.

## IV. ORDER

Good cause therefore appearing, the motion to dismiss is GRANTED, with leave to amend. Any amended complaint shall be filed within twenty (20) days of the date this order is filed.

DATED: 5/13/09

JEREMY FOGEL
United States District Judge

4

Case No. C 08-5771 JF (PVT)
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
(JFEx2)

1  Copies of Order served on:

2  Gregory Mellon Fox                gfox@bfesf.com

3                                    ahelfrich@bfesf.com

4                                    jtaheny@bfesf.com
   James Kenneth Roberts             jroberts@robertselliott.com
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 08-5771 JF (PVT)
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
(JFEx2)