1

2          **E-Filed 7/20/09**

3

4

5

6

7

8              **IN THE UNITED STATES DISTRICT COURT**

9            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10                    **SAN JOSE DIVISION**

11

12   ERIKA CANAS, JOSE CANAS, a minor, by and        Case Number C 08-5771 JF (PVT)
     through his guardian ad litem, and JESUS CANAS,
13   a minor, by and through his guardian ad litem,    **ORDER[1]  GRANTING MOTION TO
                                                       DISMISS WITH LEAVE TO
14                    Plaintiffs,                       AMEND**

15              v.                                     [re:  document no. 31]

16   CITY OF SUNNYVALE, CHRIS SEARLE,
     DARREN PANG and DOES ONE through
17   TWENTY-FIVE,

18                    Defendants.

19

20

21          This action arises from the allegedly wrongful shooting death of Jose Francisco Canas by

22   public safety officers of the City of Sunnyvale on September 12, 2007.  Defendants City of

23   Sunnyvale ("the City") and officers Chris Searle ("Searle") and Darren Pang ("Pang")

24   (collectively, "Defendants") move to dismiss the Second Amended Complaint ("SAC") filed by

25   the decedent's wife, Erika Canas, and her two children, Jose and Jesus Canas (collectively,

26   "Plaintiffs").  The Court has considered the complaint and attached exhibits, the moving and

27   _____

28          [1] This disposition is not designated for publication in the official reports.

1   responding papers, and the arguments of counsel presented at the hearing on July 17, 2009.  For

2   the reasons that follow, Defendants' motion will be granted with leave to amend.

3                                              **I. BACKGROUND**

4          The factual allegations in the Second Amended Complaint are few but striking.  Plaintiffs

5   allege that on September 12, 2007, in the presence of the decedent's wife Erika Canas, the

6   decedent was shot in the head by the defendant officers while being served with an arrest

7   warrant.  SAC ¶ 12.  Plaintiffs allege that the decedent was not resisting the officers or otherwise

8   acting in any manner that could have justified the use of deadly force.  *Id*.  Plaintiffs allege

9   further that in obtaining the warrant with which the officers were attempting to serve the

10  decedent at the time of his death, the officers "used falsified evidence, made material

11  misrepresentations, and withheld material exculpatory information from the magistrate who

12  issued the warrant."  SAC ¶ 33.  The warrant apparently arose from the stabbing death of Pablo

13  Rosales, and Plaintiffs allege that the officers "fail[ed] to advise the magistrate that evidence

14  existed that Jose Canas was not involved in the beating and stabbing of the victim."  They also

15  allege that the officers failed to disclose that "the principal charging witness was not credible,

16  and had provided inconsistent statements and changed his statement at the instigation of

17  Defendants Chris Searle and Darren Pang, and that there was no credible evidence that Jose

18  Canas was a gang member despite representations that he was a gang member."  *Id*.  Finally,

19  Plaintiffs allege that the officers were acting pursuant to policies or practices of the City of

20  Sunnyvale, and that the City failed adequately to train the officers to perform the particular duties

21  they were discharging at the time they allegedly shot the decedent.

22         On December 26, 2007, Plaintiffs submitted administrative claims to the City pursuant to

23  California Government Code § 945.4.  The City rejected the claims on May 28, 2008, prompting

24  Plaintiffs to file a complaint five days later in the Santa Clara Superior Court.  Defendants

25  removed the action to this Court and moved for dismissal for failure to state a claim upon which

26  relief may be granted.  *See* Fed. R. Civ. P. 12(b)(6).  On November 19, 2008, Plaintiffs

27  voluntarily dismissed the complaint without prejudice, subsequently filing a second action in

28  state court.  Defendants again removed the action to this Court and again moved to dismiss

                                                    2

pursuant to Rule 12(b)(6).  In response to that motion, Plaintiffs filed an amended pleading

containing claims for negligence, negligent infliction of emotional distress, and civil rights

violations.

Defendants again moved to dismiss, and a hearing on their motion was held on May 1,

2009.  As a result of a misunderstanding, Plaintiffs filed the operative Second Amended

Complaint on May 11, 2009, before the Court issued an order on the motion.  In that order,

which was issued on May 13, 2009, the Court identified several pleading deficiencies and

concluded that Plaintiffs had failed to state any claim upon which relief could be granted.

However, because it seemed likely that Plaintiffs could state a viable claim, the Court granted

leave to amend.  In view of the Court's order, Plaintiffs chose to treat the complaint filed on May

11 as the operative pleading.  Defendants then filed the instant motion to dismiss.

Plaintiffs now allege the following five claims: (1) negligence, against the officers; (2)

respondeat superior liability against the City for the officers' negligence; (3) negligent training or

supervision; (4) negligent infliction of emotional distress; and (5) civil rights violations pursuant

to 42 U.S.C. § 1983, for deprivation of family consortium in violation the Fourteenth

Amendment and excessive force in violation of the Fourth Amendment.  Plaintiffs also allege

that the City is liable under *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690-

94 (1978) for maintaining one or more policies, practices, or customs that caused the claimed

constitutional violations.

## II. LEGAL STANDARD

"Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a

cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v.

Centinela Hosp. Medical Center*, 521 F.3d 1097, 1104 (9th Cir. 2008).  For purposes of a motion

to dismiss, the plaintiff's allegations are taken as true, and the court must construe the complaint

in the light most favorable to the plaintiff.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  At

the same time, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]

to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of

3

1    a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

2    (internal citations omitted).  Thus, a court need not accept as true conclusory allegations,

3    unreasonable inferences, legal characterizations, or unwarranted deductions of fact contained in

4    the complaint.  *Clegg v. Cult Awareness* Network, 18 F.3d 752, 754-755 (9th Cir. 1994).  Leave

5    to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by

6    amendment.  *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995).  When

7    amendment would be futile, however, dismissal may be ordered with prejudice.  *Dumas v. Kipp*,

8    90 F.3d 386, 393 (9th Cir. 1996).

9                                          **III. DISCUSSION**

10          For reasons that are unclear, Plaintiffs have chosen to provide a factual account of the

11   events of September 12, 2007 that is so sparse as to straddle the "line between possibility and

12   plausibility of 'entitlement to relief'" that defines the outer boundaries of notice pleading under

13   Rule 8(a).  *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009).  Thus, before deciding

14   whether the allegations in the SAC are sufficient to state one or more claims for relief, the Court

15   must determine whether the alleged facts are entitled to the presumption of truth that normally

16   attaches in the context of a motion to dismiss.  As the Supreme Court has explained, a court

17   considering a motion to dismiss must identify and discard allegations that are no more than legal

18   conclusions, and which therefore are not entitled to a presumption of truth.  *Id*. at 1950.  A court

19   then must determine whether the well-pled facts in the complaint "*plausibly* give rise to an

20   entitlement to relief."  *Id*.  "[W]here the well-pleaded facts do not permit the court to infer more

21   than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that

22   the pleader is entitled to relief.'"  *Id*. (citing Fed. R. Civ. P. 8(a)(2)).

23          In the instant case, the Court's initial task is to assess whether Plaintiffs' core

24   allegations–i.e., that the decedent was shot in the head for no reason in the course of being served

25   with an arrest warrant–are well-pled, and whether they "plausibly" give rise to an entitlement to

26   relief.  The sum of the allegations with respect to the shooting itself is as follows:

27          On September 12, 2007, Defendants Chris Searle and Darren Pang . . .
             participated in the . . . shooting of Decedent Jose Francisco Canas.  At the time he
28           was shot to death, Jose Francisco Canas was situated in his car on a public street,

                                                      4

attempting to drive to work, and not acting in a manner sufficient to cause the use
of lethal force.  At the time of the shooting of Decedent Jose Francisco Canas,
Defendants Chris Searle and Darren Pang . . . [were] attempting to make an arrest
of Decedent Jose Francisco Canas, seize him, and search and seize his property.
The shooting was not necessarily committed in arresting decedent Jose Francisco,
and Decedent Jose Francisco was not fleeing from justice or resisting arrest.
Plaintiffs are informed and believe, and on that basis allege, [that] [at] the time he
was shot to death, Decedent Jose Francisco Canas offered no material resistance,
posed no reasonable threat to the officers, and . . . the officers had no justification
to employ lethal force against him.

SAC ¶ 12.

Plaintiffs' allegations with respect to the principal event underlying this action pass
neither part of the "two-pronged" test for assessing the sufficiency of a pleading.  First, the
following allegations are mere "legal conclusions" and therefore are not entitled to a presumption
of truth:

▪ "[The decedent] was *not acting in a manner sufficient* to cause the use of lethal
force."
▪ "The shooting was *not necessarily committed in arresting* decedent Jose
Francisco."
▪ "At the time he was shot to death, decedent Jose Francisco Canas offered no
*material* resistance, posed no *reasonable* threat to the officers, and . . . the officers
had *no justification* to employ lethal force against him."
▪ Decedent Jose Francisco was not fleeing from justice or resisting arrest.

Excising these conclusory allegations–which are "naked assertions" that are unsupported by
"further factual enhancement," *Ashcroft*, 129 S.Ct. at 1949–the complaint may be read to allege
the following:

On September 12, 2007, [Searle and Pang]. . . participated in the . . . shooting of
decedent Jose Francisco Canas.  At the time he was shot to death, Jose Francisco
Canas was situated in his car on a public street, attempting to drive to work . . .
At the time of the shooting of decedent Jose Francisco Canas, [Searle and Pang] . .
. [were] attempting to make an arrest of Decedent Jose Francisco Canas, seize
him, and search and seize his property.

The Court next must determine whether these allegations are "plausible" on their face.
As the Supreme Court has explained, while "[t]he plausibility standard is not akin to a
'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted
unlawfully."  *Ashcroft*, 129 S.Ct. at 1949.  Here, Plaintiffs' *well-pled* allegations raise only a
possibility of liability, and fall short of making it *plausible* that the Defendants acted wrongfully.
There are no allegations describing the conduct or even the location of the officers or the

5

1    decedent immediately before or after the incident.  While the allegation that the decedent was

2    "attempting to drive to work" comes close to raising an inference that the decedent was not

3    acting in a manner sufficient to justify the use of deadly force, it ultimately falls short, leaving the

4    Court to speculate about the course of events on September 12, 2007.

5          The plausibility of Plaintiffs' allegations is diminished further by the fact that, although

6    the decedent's wife is alleged to have witnessed the entire incident, the allegations are made

7    almost entirely "on information and belief."  If Erika Canas indeed was "physically present" at

8    the scene of the shooting "[a]t all times mentioned [in the complaint]," including "at the time of

9    the shooting of her husband," then she was indeed "a percipient witness to the shooting," SAC ¶

10   26, and it is unclear why Plaintiffs have alleged facts that are insufficient to impart a basic

11   understanding of the circumstances surrounding the decedent's death–and at that, only "on

12   information and belief."  The pleading of the primary allegations "on information and belief"

13   may be no more than an incident of the relatively formulaic nature of the complaint as a whole,

14   but it materially detracts from the plausibility of Plaintiffs' allegations, at least in their current,

15   factually undeveloped form.

16         Finally, Plaintiffs' allegations that the officers falsified information to obtain the arrest

17   warrant does not supply the requisite plausibility to their core allegations of wrongdoing.  While

18   the allegations with respect to the warrant, which are quoted above, largely *are* well-pled, they do

19   not allow the Court to assume or infer that the officers killed the decedent on September 12, 2007

20   in the excessive and outrageous *manner* that underlies each of Plaintiffs' claims.  Accordingly,

21   taken as a whole, the pleading with respect to the circumstances surrounding the decedent's death

22   is insufficient to make Plaintiffs' entitlement to relief more than merely "possible," and the SAC

23   must be dismissed.

24                                    **IV. CONCLUSION**

25         Because their well-pled allegations currently are insufficient to state any claim upon

26   which relief may be granted, Plaintiffs' Second Amended Complaint must be dismissed.  To be

27   clear, however, the Court's conclusion addresses no more than the deficient pleading of the

28   factual allegations that are common to each claim.  Should Plaintiffs allege that underlying

                                            6

1   conduct in greater detail, their individual claims might well prove legally sufficient.  For

2   example, an officer's wanton killing of an unresisting suspect almost certainly would violate that

3   officer's duty of care, giving rise to negligence liability.  *Brown v. Ransweiler*, 171 Cal. App. 4th

4   516, 534 (2009) ("Under established law, police officers have a duty 'to use reasonable care in

5   deciding to use and in fact using deadly force[,] . . . [and] [a]n 'officer's lack of due care can give

6   rise to negligence liability for the intentional shooting death of a suspect.'").  Similarly, an

7   officer's conscious decision to use deadly force against a person who offers no resistance and

8   who peacefully is attempting to drive to work would appear to constitute "the definition of

9   conscience-shocking" behavior for purposes of a Fourteenth Amendment claim.  *Cf. County of*

10  *Sacramento v. Lewis*, 523 U.S. 833, 847 (1998).  In this regard, it is true that "only a purpose to

11  cause harm unrelated to the legitimate object of arrest will satisfy the element of arbitrary

12  conduct shocking to the conscience necessary for a due process violation" when unforeseen

13  circumstances demand an officer's instant judgment.  *Id.* at 836.  However, if Plaintiffs could

14  plead additional facts with respect to the circumstances of the decedent's death, their well-pled

15  allegations that Searle and Pang lied to the magistrate in obtaining a warrant for the decedent's

16  arrest would permit an inference of a malevolent purpose on the officers' part.

17         At present, Plaintiffs' complaint suffers from multiple defects, including its frequent

18  recourse to opaque and formulaic legalese and its lack of structure.[2]  While Plaintiffs are urged to

19  address these defects in any amended pleading, their primary task will be to provide further

20  factual allegations with respect to the principal acts that are alleged to have occurred in this case.

21  Plaintiffs shall have thirty days within which to file an amended pleading that does so.

22

23  **IT IS SO ORDERED**

24  DATED: 7/20/09

25                                                    JEREMY FOGEL

26                                                    United States District Judge

27  _____

28         [2] For example, the complaint still does not clearly delineate the multiple bases for liability
    under § 1983, despite the Court's prior instruction that it do so.

Case No. C 08-5771 JF (PVT)
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND.
(JFLC3)

1   Copies of Order served on:

2

3   Gregory Mellon Fox           gfox@bfesf.com

4

5                                ahelfrich@bfesf.com

6                                jtaheny@bfesf.com

7   James Kenneth Roberts        jroberts@robertselliott.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 08-5771 JF (PVT)
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND.
(JFLC3)