**E-Filed 3/16/10**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ERIKA CANAS, JOSE CANAS, a minor, by and through his guardian ad litem, and JESUS CANAS, a minor, by and through his guardian ad litem,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SUNNYVALE, CHRIS SEARLE, DARREN PANG and DOES ONE through TWENTY-FIVE,<br><br>Defendants. | Case Number C 08-5771 JF (PVT)<br><br>**ORDER[1] GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS, WITH LEAVE TO AMEND IN PART**<br><br>[re: document no. 42] |

    This action arises from the allegedly wrongful shooting death of Jose Francisco Canas ("the Decedent") by public safety officers of the City of Sunnyvale on September 12, 2007. Defendants City of Sunnyvale ("the City") and officers Chris Searle ("Searle") and Darren Pang ("Pang") (collectively, "Defendants") move to dismiss three claims in the Third Amended Complaint ("TAC") filed by the Decedent's wife, Erika Canas, and his two children, Jose and Jesus Canas (collectively, "Plaintiffs"). The Court has considered the complaint and attached

---

[1] This disposition is not designated for publication in the official reports.

Case No. C 08-5771 JF (PVT)
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS, WITH LEAVE TO AMEND IN PART
(JFLC3)

exhibits, the moving and responding papers, and the arguments of counsel presented at the hearing on March 12, 2010. For the following reasons, Defendants' motion will be granted in part and denied in part, with leave to amend in part.

## I. FACTUAL BACKGROUND

Plaintiffs allege that at approximately noon on September 12, 2007, the Decedent left the apartment he shared with Plaintiffs with the intent to drive to work. (TAC ¶ 17.) They further allege that after the Decedent walked to his car (which was parked next to the curb outside the apartment), entered the car, buckled his seatbelt, started the car, and placed it in gear, he was shot in the head by the defendant officers. (*Id*.) Plaintiffs allege that, prior to the shooting, the defendant officers had approached the Decedent in an unmarked car dressed in street clothes and "did not adequately identify themselves or their instructions." (*Id*.) They further allege that the Decedent was "shot from an angle behind his car," that the defendant officers were not in front of the Decedent's car when he was shot, and that the Decedent "was not accelerating his car in any unusual manner, but instead rolling forward slightly or not at all, and his car was still located adjacent to the curb." (*Id*.) Plaintiffs allege that the Decedent was unarmed, did not resist the officers, communicate with them verbally or physically, or otherwise act in any manner to induce the officers to use deadly force. (*Id*.)

Plaintiffs allege that "[a]t the time of the shooting of [the] Decedent . . . , [the officer defendants] were attempting to make an arrest of [the] Decedent . . . , seize him and search his property" pursuant to a warrant they had obtained earlier. (TAC ¶ 28.) They allege further that in obtaining the warrant, the officers "used falsified evidence, made material misrepresentations, and withheld material exculpatory information from the magistrate who issued the warrant." (TAC ¶ 30.) The warrant apparently arose from the stabbing death of Pablo Rosales, and Plaintiffs allege that the officers "fail[ed] to advise the magistrate that evidence existed that Jose Canas was not involved in the beating and stabbing of the victim." (*Id.*) They also allege that the officers failed to disclose that "the principal charging witness was not credible, and had provided inconsistent statements and changed his statement at the instigation of Defendants Chris Searle and Darren Pang, and that there was no credible evidence that Jose Canas was a gang

2

member despite representations that he was a gang member." (*Id*.) Finally, Plaintiffs allege that the officers were acting pursuant to policies or practices of the City of Sunnyvale, and that the City failed adequately to train the officers to perform the particular duties they were discharging at the time they allegedly shot the decedent.

## II. PROCEDURAL BACKGROUND

On December 26, 2007, Plaintiffs submitted administrative claims to the City pursuant to California Government Code § 945.4. The City rejected the claims on May 28, 2008, prompting Plaintiffs to file a complaint five days later in the Santa Clara Superior Court. Defendants removed the action to this Court and moved for dismissal for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). On November 19, 2008, Plaintiffs voluntarily dismissed the complaint without prejudice, subsequently filing a second action in state court. Defendants again removed the action to this Court and again moved to dismiss pursuant to Rule 12(b)(6). In response to that motion, Plaintiffs filed an amended pleading containing claims for negligence, negligent infliction of emotional distress, and civil rights violations.

Defendants again moved to dismiss, and a hearing on their motion was held on May 1, 2009. As a result of a misunderstanding, Plaintiffs filed their Second Amended Complaint ("SAC") on May 11, 2009, before the Court had issued an order on the motion. In that order, which was issued on May 13, 2009, the Court identified several pleading deficiencies and concluded that Plaintiffs had failed to state any claim upon which relief might be granted. However, because it seemed likely that Plaintiffs could state a viable claim, the Court granted leave to amend. Plaintiffs elected to treat the complaint filed on May 11 as their operative pleading. Defendants then filed a third motion to dismiss on June 1, 2009. In an order dated July 20, 2009, the Court again granted Defendants' motion with leave to amend "[b]ecause [the Plaintiffs'] well-pled allegations [were] insufficient to state any claim upon which relief may be granted," but noted that "[s]hould Plaintiffs allege th[e] underlying conduct [common to each claim] in greater detail, their individual claims might well prove legally sufficient." (Doc. No. 38, at 6-7.)

3

1 | On August 19, 2009, Plaintiffs filed the operative Third Amended Complaint alleging the following five claims: (1) negligence, against the officers; (2) respondeat superior liability against the City for the officers' negligence; (3) negligent training or supervision against the City; (4) civil rights violations pursuant to 42 U.S.C. § 1983, for denial of substantive due process; and (5) civil rights violations pursuant to 42 U.S.C. § 1983, for unreasonable search and seizure and excessive force in violation of the Fourth Amendment. Plaintiffs also allege that the City is liable under *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690-94 (1978) for maintaining one or more policies, practices, or customs that caused the claimed constitutional violations.

Defendants filed the instant motion to dismiss Plaintiff's third, fourth, and fifth claims on September 8, 2009.

### III. LEGAL STANDARD

Dismissal under Fed. R. Civ. P. 12(b)(6) "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). At the same time, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Thus, a court need not accept as true conclusory allegations, unreasonable inferences, legal characterizations, or unwarranted deductions of fact contained in the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-755 (9th Cir. 1994).

As the Supreme Court recently has clarified, a court must determine whether the well-pled facts in the complaint "*plausibly* give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. —, 129 S.Ct. 1937, 1950 (2009) (emphasis added). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

4

alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corrs.*, 66 F.3d 245, 248 (9th Cir. 1995). When amendment would be futile, however, dismissal may be ordered with prejudice. *Dumas v. Kipp,* 90 F.3d 386, 393 (9th Cir. 1996).

## IV. DISCUSSION

**A.    Plaintiffs' Third Claim: Negligent Training or Supervision by the City**

Plaintiffs' third claim alleges that the City's negligent failure to train and/or supervise the defendant officers was a proximate cause of Decedent's death. (TAC ¶¶ 23-25.) The allegations in support of this claim are substantively the same with respect to the City as Plaintiffs' allegations in the First Amended Complaint ("FAC") in support of their negligence claim. (*Cf.* FAC ¶ 16 ("Defendant City of Sunnyvale failed to properly select, retain, train, discipline, and supervise Chris Searle and Darren Pang . . . in the proper use of arrest, and search and seizure procedures, use of firearms and use of lethal force, the proper manner of investigation of crimes and making of arrests, and to act as reasonably prudent police officers, as well as the failure to enact procedures and policies guiding law enforcement officers "in the handling of critical incidents[".]") *with* TAC ¶ 24 ("Notwithstanding the knowledge that Defendants Chris Searle and Darren Pang, and each of them, were neither qualified nor able to safely serve an arrest warrant upon suspected felons, Defendant City of Sunnyvale did not adequately train or supervise Defendants Chris Searle and Darren Pang . . . in his/their use of force, in the constitutional limits of the use of force, and investigation and arrest procedures.").)

In granting Defendants' motion to dismiss the negligence claim alleged in the FAC, the Court wrote:

> "A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." Cal. Gov't Code § 815.2. Both the FAC and the Plaintiff's Government Code claims set forth facts and arguments in support of their claim that Decedent's death was caused by Defendants' negligence. Plaintiffs allege specifically that the City negligently

5

>    failed to train the officers on the "use of firearms and . . . lethal force, and the proper manner of . . . making arrests . . . as reasonably prudent police officers" and that the officers negligently failed to perform these duties. FAC ¶16. However, neither the FAC nor the Government Code claims identifies a *specific statute that gives rise to a cognizable cause of action under California law*; Plaintiffs must address this deficiency and in any amended pleading.

(Doc. No. 29, at 3 (emphasis added).) As Defendants argue, this analysis equally applies to Plaintiffs' third claim in the TAC.

Plaintiffs contend that they identified a specific statute to support their claim, Government Code § 815.2, in their SAC. Notwithstanding the fact that the SAC is not the operative complaint and that the TAC does not contain this allegation, Plaintiffs again fail to recognize that Section 815.2 requires explicitly that claims be supported by statutes "*apart from this section*." Cal. Gov't Code § 815.2 (emphasis added.).

In a footnote, Defendants also contend that even if Plaintiffs were able to find support in a specific statute, their third claim "is barred by their failure to file a timely tort claim for a negligent training and supervision claim" under Government Code § 945.4 (Defs.' Mot. to Dismiss ("MTD") 7 n.2 (citing Doc. No. 29, at 3:15-17).) As the Court stated in granting Defendants' motion to dismiss the FAC with respect to Plaintiffs' claim for negligent infliction of emotional distress, "California Government Code § 945.4 requires presentation of claims to a public entity prior to initiation of a suit in court. . . . Defendants point out correctly that Plaintiffs' claim for negligent infliction of emotional distress was not included in the administrative claim filed by Plaintiffs on December 26, 2007." (Doc. 29, at 3.) Defendants contend that Plaintiffs' claims failed to allege that the City negligently failed to train or supervise the officer defendants. Defendants are correct. (*See* TAC, Ex. A, at Attachment A (administrative claim allegations that the *officers'* actions in shooting Decedent on the City's behalf were "negligent or otherwise such that liability was incurred").)[2] Because this failure

---

[2] Plaintiffs' argument that they "substantially complied" with Section 945.4 with respect to their negligent training or supervision claim is unavailing. While the allegations in the administrative claims address the officers' negligence and the City's potential liability for that negligence, they make no mention of failure to train or supervise, or any other theory of direct

6

cannot be remedied through amendment, Plaintiffs' third claim will be dismissed without leave to amend.

**B. Plaintiffs' Fourth Claim: Section 1983 Liability for Violation of Substantive Due Process**

**1. Failure to Establish Municipal Liability**

Municipalities "may be liable under § 1983 when the allegedly unconstitutional act stems from a municipal policy, decision or custom." *Del Conte v. San Francisco Police Dep't*, 2009 WL 2871052 *2 (N.D. Cal. Sept. 1, 2009) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978)). Defendants argue that the Plaintiffs' fourth claim fails as to the City because the TAC "contains no facts showing *both* a violation of constitutional rights *and* that the violation was the result of an official policy, pattern, or practice of the City." (MTD 10 (emphasis in original).)

Plaintiffs contend that their references to the City's "policies and procedures" in Paragraphs 10 and 11 of the TAC are sufficient to establish municipal liability under the *Monell* line of cases. Paragraphs 10 and 11 contain identical language but for the individual officers' names:

> Defendant [Chris Searle/Darren Pang] is an individual, and at all times mentioned herein, an employee/agent and deputy officer of Defendant the City of Sunnyvale including its "Sunnyvale Police Department," and acting withing the scope of his employment/agency. Defendant [Chris Searle/Darren Pang], all times mentioned herein, under the policies and procedures of the Sunnyvale Police Department was armed, and charged with the task(s) of investigation and arrest of suspected criminals, including suspected felons and/or fleeing suspected felons.

(TAC ¶¶ 10, 11.)

While these allegations might have been sufficient in the *pre-Iqbal* era, they fall short of the *Iqbal* standard with respect to a claim that the alleged Section 1983 violation occurred *as a result of* the City's policies and procedures. At most, Plaintiffs allege that the City's policies and

---

liability for the City. *See Connelly v. County of Fresno*, 146 Cal. App. 4th 29, 38 (Cal. Ct. App. 2006) ("The doctrine of substantial compliance . . . 'cannot cure total omission of an essential element form the claim or remedy a plaintiff's failure to comply meaningfully with the statute.'")

procedures caused the defendant officers to be armed on September 12, 2007, and established that the officers' duties included the investigation and arrest of suspected criminals. Leave to amend to allege facts sufficient to establish municipal liability will be granted, consistent with the requirements of Fed. R. Civ. Pro. 11.

### 2. Failure to State a Claim for Violation of the Fourteenth Amendment on the Decedent's Behalf

Plaintiffs' fourth claim is based upon the facts surrounding the procurement of the warrant and the shooting death of the Decedent and alleges that the defendant officers' actions deprived *the Decedent* of "due process; . . . freedom from the use of excessive and unreasonable force during seizure; freedom of summary punishment; . . . [and] life without due process," caused the Decedent "to be subjected to cruel and unusual punishment," and deprived "Plaintiff [sic] of the familial relationship with the decedent." (TAC ¶ 32.)

Defendants contend that while the allegations in the TAC might support a *Fourth* Amendment claim on the Decedent's behalf, they do not support a *Fourteenth* Amendment claim for violation of substantive due process. They point to Supreme Court's statement in *Albright v. Oliver* that "[w]here a particular Amendment 'provides textual source of constitutional protection' against a particular sort of governmental behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.'" 510 U.S. 266, 273 (1994) (plurality opinion of Rehnquist, C.J.) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). Defendants argue that the Fourth Amendment "provides an explicit textual source of constitutional protection for pretrial deprivations of liberty." (MTD 7.)

Plaintiffs do not address Defendants' arguments directly. They first point to the Court's earlier comment that they "may be able to assert a Fourteenth Amendment substantive due process claim." (Doc. No. 29, at 4.) Although the Court indeed has recognized that possibility, Plaintiffs have not done so here. While Plaintiffs are correct that "survivors of a person killed by law enforcement officers, including parents and children, may assert a Fourteenth Amendment substantive due process claim based on the relative deprivation of *their* liberty arising out of *their*

relationship with the decedent," (Pls.' Opp'n 14 (emphasis added)), their fourth claim as currently framed alleges violations of the *Decedent's* due process rights. As Defendants observe, these allegations stem from the alleged attempted search and seizure of the Decedent by the defendant officers and are appropriately analyzed under the Fourth Amendment, not the Fourteenth. *Cf. County of Sacramento v. Lewis*, 523 U.S. 833, 844 (1998) (holding that substantive due process analysis applied because no Fourth Amendment seizure took place where there was no "governmental termination of freedom of movement *through means intentionally applied*" (quoting *Brower v. County of Inyo*, 489 U.S. 593, 596-97 (1989) (emphasis in original))).

The single allegation in support of the fourth claim that pertains to violations of the *Plaintiffs'* due process rights is that "the actions of Defendants include . . . deprivation of Plaintiff [sic] of the familial relationship with the defendant." (TAC ¶ 32.) This bare statement is insufficient to meet the plausibility standard of *Iqbal*. In addition, though the Plaintiffs contend in their opposition that they "have asserted a claim based upon the 'loss of society, comfort, attention, services, and support' as a result of the untimely and violent death of Mr. Canas," this language comes from Paragraph 18 in support of Plaintiffs' first claim and neither appears in nor is incorporated by reference into their fourth claim. Leave to amend to allege facts sufficient to support a Fourteenth Amendment claim based on deprivation or violation of *Plaintiffs'* due process rights will be granted.

C.     **Plaintiffs' Fifth Claim: Section 1983 Liability for Violation of Fourth Amendment**

    1.     **Failure to Establish Municipal Liability**

Plaintiffs' fifth claim as to the City is insufficient for the reasons discussed in Section IV.B.1, above.

    2.     **Failure to State a Claim for Violation of the Fourth Amendment on the Plaintiffs' Behalf**

Plaintiffs' fifth claim as to the defendant officers is based entirely on the officers' alleged use of excessive force upon and unreasonable attempted search and seizure of the Decedent.

Defendants contend that even if true, the allegations establish a violation of the *Decedent's* Fourth Amendment rights and not Plaintiffs'. They point to the Ninth Circuit's holding in *Moreland v. Las Vegas Metropolitan Police Department* that "the general rule is that only the person whose Fourth Amendment rights were violated can sue to vindicate those rights." 159 F.3d 365, 369 (9th Cir. 1998) (citation omitted). As Plaintiffs' point out, however, the *Moreland* court also noted that "[i]n § 1983 actions . . . the survivors of an individual killed as a result of an officer's excessive use of force may assert a Fourth Amendment claim on that individual's behalf if the relevant state's law authorizes a survival action." *Id.* (citing 42 U.S.C. § 1988(a)).[3]

Plaintiffs have met their burden at the pleading stage. California law allows for survival actions. Cal. Code Civ. Proc. § 377.30 ("A cause of action that survives the death of the person entitled to commence an action or proceeding passes to the decedent's successor in interest . . . and an action may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest."). In Paragraph 35 of the TAC, Plaintiffs allege that they meet the requirements of Section 377.30, as well as Section 377.32, which lists the information a proposed successor in interest must provide in an affidavit before commencing a survival action:

> Plaintiff Erika Canas is the surviving wife of Decedent Jose Francisco Canas. Plaintiffs Jose Canas and Jesus Canas, and each of them, are the sole surviving children of Decedent Jose Francisco Canas. Plaintiffs Erika Canas, Jose Canas, by and through his guardian ad litem, and Jesus Canas, by and through his guardian ad litem, are successors in interest of Decedent Jose Francisco Canas and succeed to this cause of action because there is no personal representative of the estate of Jose Francisco Canas. Plaintiffs, and each of them, bring this complaint in the capacity of successors in interest. Plaintiff Erika Canas, individually, and as guardian ad litem of Plaintiff Jose Canas and Jesus Canas, has executed and filed a declaration under penalty of perjury as required by Code of Civil Procedure Section 377.32.

TAC ¶ 35. Accordingly, Defendants' motion to dismiss Plaintiffs' fifth claim as to the defendant

---

[3]In *Moreland*, the Ninth Circuit affirmed the district court's ruling that the plaintiffs did not meet their burden of demonstrating that they met the requirements for brining a survival action under Nevada law. *Moreland*, 159 F.3d at 369-70.

officers will be denied.[4]

## V. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED IN PART AND DENIED IN PART, with leave to amend in part. Any amended complaint shall be filed within thirty (30) days of the date this order is filed. The case management conference is rescheduled for May 14, 2010, at 10:30 A.M.

**IT IS SO ORDERED**

DATED: 3/16/09

_____
JEREMY FOGEL
United States District Judge

---

[4] Because the survival action is brought on behalf of the Decedent, Plaintiffs are not entitled to compensatory damages as alleged in Paragraph 41 of the TAC. *Cf. Quiroz v. Seventh Ave. Ctr.*, 140 Cal. App. 4th 1256, 1264-65 (Cal. Ct. App. 2006) ("In the typical survivor action, the damages recoverable by a personal representative or successor in interest on a decedent's cause of action are limited by statute to "the loss or damage that the decedent sustained or incurred before death, including any penalties or punitive or exemplary damages that the decedent would have been entitled to recover had the decedent lived, and *do not* include damages for pain, suffering, or disfigurement." (quoting Cal. Code Civ. Proc., § 377.34 (emphasis added))) *with id.* at 1264 ("'A plaintiff in a wrongful death action is entitled to recover damages for his own pecuniary loss, which may include (1) the loss of the decedent's financial support, services, training and advice, and (2) the pecuniary value of the decedent's society and companionship–but he may not recover for such things as the grief or sorrow attendant upon the death of a loved one, or for his sad emotions, or for the sentimental value of the loss.'" (citing *Nelson v. County of Los Angeles*, 113 Cal. App. 4th 783, 793 (Cal. Ct. App. 2003); Cal. Code Civ. Proc. § 377.61.) (footnote omitted). Plaintiffs should correct their fifth claim as to the officers in this respect.

11