Gregory M. Fox, State Bar No. 070876
Meaghan A. Snyder, State Bar No. 279392
BERTRAND, FOX & ELLIOT
The Waterfront Building
2749 Hyde Street
San Francisco, California 94109
Telephone: (415) 353-0999
Facsimile:  (415) 353-0990

Attorneys for Defendants
CITY OF SUNNYVALE, CHRIS SEARLE and DARREN PANG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA CANAS, JOSE CANAS, a minor, by and through his guardian ad litem, and JESUS CANAS, by and through his guardian ad litem,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SUNNYVALE, CHRIS SEARLE, DARREN PANG and DOES ONE through TWENTY FIVE,<br><br>Defendants. | Case No. C08-05771 TEH<br><br>**DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE OPINIONS OF PLAINTIFF'S POLICE PRACTICES EXPERT ROGER CLARK**<br><br>**(DEFENDANTS' MOTION *IN LIMINE* NO. 5)**<br><br>Pretrial Conference:  August 27, 2012<br>Time:  3:00 p.m.<br>Location:  Courtroom 2, 17th Floor<br><br>Trial:   September 11, 2012<br><br>**Hon. Thelton E. Henderson** |

DEFENDANTS' MIL NO. 5: TO EXCLUDE OPINIONS OF PLAINTIFF'S POLICE PRACTICES EXPERT
*CANAS v. CITY OF SUNNYVALE, et al*.
US District Court Case No. 3:08-cv-05771-TEH

## I. INTRODUCTION

Defendants Chris Searle, Darren Pang, and the City of Sunnyvale hereby move this Court *in limine* for an Order excluding opinion testimony by plaintiff's police practices expert, Roger Clark. Mr. Clark's testimony should be excluded in its entirety as his proffered opinions will not assist the trier of fact. FRE 702. Mr. Clark's report and opinions do not offer probative technical assistance necessary or even helpful for the jury to resolve the issues of fact related to excessive force. Rather, he attempts to preempt the role of the jury by drawing his own inferences from the available evidence, then couching his conclusions as somehow based on expertise. Mr. Clark offers nothing that the jurors themselves cannot accomplish by evaluating the evidence admissible at trial and following the Court's instructions.

In the event that Mr. Clark is permitted to testify, defendants move that he be precluded from testifying regarding the specific matters set forth below.

## II. ARGUMENT

### A. Evidence at Issue

Plaintiffs has disclosed police practices expert Roger Clark in their expert disclosures under FRCP 26 and have provided defendants with Mr. Clark's report dated July 27, 2012. Plaintiffs' disclosure obligations under FRCP 26 set the parameters for Mr. Clark's potential testimony to those opinions contained in his report, (FRCP 37(c)(1)). Mr. Clark's opinions should be excluded in their entirety as they are not likely to assist the jury in that they are not sufficiently beyond the common experience of the jury, they are based on speculation and improper matter, and their probative value is outweighed by the likelihood that his testimony will prejudice and mislead the jury. Further, plaintiffs have not yet agreed to a date on which they will produce Mr. Clark for deposition. Although the parties have agreed that expert discovery may occur after the August 20, 2012 date set by the Court for completion of this discovery, defendants have noticed Mr. Clark's deposition for August 23, 2012, but plaintiffs have not yet agreed to produce Mr. Clark on that date, or any other date. If defendants are unable to depose Mr. Clark, his testimony should be excluded in its entirety for failure to comply with FRCP Rule 26(b)(4)(A).

### B. Mr. Clark's Opinion Testimony Regarding Specific Issues Should be Precluded

In the event that Mr. Clark is permitted to testify as a police practices expert on behalf of plaintiff,

2

DEFENDANTS' MIL NO. 5: TO EXCLUDE OPINIONS OF PLAINTIFF'S POLICE PRACTICES EXPERT
*CANAS v. CITY OF SUNNYVALE, et al.*
US District Court Case No. 3:08-cv-05771-TEH

he should be precluded from opining on the following matters for the reasons set forth below:

**1.      Opinion that the Defendant Officers Did Not Use Reasonable Force**

Defendants anticipate that Mr. Clark will opine the defendant officers did not use reasonable force when they attempted to arrest the decedent Jose Canas on September 12, 2007. If he is allowed to testify in this regard, Mr. Clark would essentially be telling the jury how it should decide the issue of excessive force. Such opinion testimony does not assist the trier of fact. The jurors are capable of the same analysis which Mr. Clark undertakes, therefore his opinion on the legal issues before the jury is not helpful and should be excluded. FRE 702; *United States v. Joyce* (9th Cir. 1975) 511 F2d 1127, 1130.

Allowing Mr. Clark to opine on the issue of the reasonableness of defendants Pang and Searles' conduct, and/or that in his opinion the defendants used excessive force while being presented as an "expert" in police practices, will unfairly prejudice defendants by implying that Mr. Clark's opinion should be given weight beyond its worth. FRE 403.

**2.      Opinion that the Defendant Officers Were Deliberately Reckless and Dangerous**

Defendants believe that Mr. Clark intends to opine the defendant officers acted recklessly and dangerously when they attempted to arrest the decedent Jose Canas on September 12, 2007. In forming this opinion, Mr. Clark credits only plaintiffs' report of the events and evaluates evidence well within the common knowledge of jurors. Such opinion testimony does not assist the trier of fact. His opinion regarding the actions of the officers being reckless and dangerous essentially decides the legal issues of excessive force and wrongful death that are before the jury because it suggests that the defendants acted unlawfully. His option is thus not helpful and should be excluded. FRE 702; *U.S. v. Joyce*, *supra* at 1130.

Mr. Clark's opinions are not based on an expertise sufficiently beyond the jury's common experience, (FRE 702); Mr. Clark's opinions are based on assumptions not supported by any evidence, and are not based on reliable facts of the type reasonably relied on by experts forming an opinion about such subjects. FRE 703; *McGlinchy v. Shell Chem. Co.* (9th Cir. 1988) 845 F2d 802, 806-807 ("*McGlinchy*").

**3.      Opinions Related to Any Conduct by the City of Sunnyvale**

The City anticipates that Mr. Clark may opine about the Sunnyvale Department of Public Safety's

3

DEFENDANTS' MIL NO. 5: TO EXCLUDE OPINIONS OF PLAINTIFF'S POLICE PRACTICES EXPERT
*CANAS v. CITY OF SUNNYVALE, et al.*
US District Court Case No. 3:08-cv-05771-TEH

policies or practices putting the public in danger. There is no *Monell* claim in this action and Mr. Clark should therefore be precluded from offering testimony related to the Sunnyvale Department of Public Safety's policies, practices, or procedures because such practices are irrelevant to any of the remaining causes of action. FRE 402.

**4. Opinions Based on Speculation Regarding What Decedent Perceived or Thought**

Mr. Clark should not be permitted to testify about what the Decedent Jose Canas may have perceived or thought at the time of the incident. Any testimony about these beliefs would be purely speculative and would not assist the trier of fact. "The trial judge in all cases of proffered expert testimony must find that it is properly grounded, well-reasoned, and *not speculative* before it can be admitted. FRE 702, Committee Notes on Rules—2000 Amendment (emphasis added).

Moreover, any opinions regarding what Decedent may have perceived or thought were not discussed in Mr. Clark's Rule 26 report. Experts are not allowed to offer opinions outside of the opinions discussed in their Rule 26 reports. "Rule 37(c)(1) gives teeth to [the requirements of FRCP 26] by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

### III. CONCLUSION

Defendants therefore respectfully request an order *in limine* to exclude Mr. Clark's opinions in their entirety, or in the alternative, to exclude opinions as to whether defendants used reasonable force, the recklessness or dangerous conduct of defendants, any evidence regarding the Sunnyvale Department of Public Safety's policies, practices, or procedures, and any opinions based on speculative evidence.

Dated: August 21, 2012                                  BERTRAND, FOX & ELLIOT

By:   */s/ Meaghan A. Snyder*
     Gregory M. Fox
     Meaghan A. Snyder
     Attorneys for Defendants
     CITY OF SUNNYVALE, CHRIS SEARLE and DARREN PANG

DEFENDANTS' MIL NO. 5: TO EXCLUDE OPINIONS OF PLAINTIFF'S POLICE PRACTICES EXPERT
*CANAS v. CITY OF SUNNYVALE, et al.*
US District Court Case No. 3:08-cv-05771-TEH