Gregory M. Fox, State Bar No. 070876
Meaghan A. Snyder, State Bar No. 279392
BERTRAND, FOX & ELLIOT
The Waterfront Building
2749 Hyde Street
San Francisco, California 94109
Telephone: (415) 353-0999
Facsimile:  (415) 353-0990

Attorneys for Defendants
CITY OF SUNNYVALE, CHRIS SEARLE and DARREN PANG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA CANAS, JOSE CANAS, a minor, by and through his guardian ad litem, and JESUS CANAS, by and through his guardian ad litem,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF SUNNYVALE, CHRIS SEARLE, DARREN PANG and DOES ONE through TWENTY FIVE,<br><br>    Defendants. | Case No. 3:08-cv-05771-TEH<br><br>**DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE TESTIMONY ABOUT THE CAR DRIVEN BY DEFENDANT OFFICERS**<br><br>**(DEFENDANTS' MOTION *IN LIMINE* NO. 7)**<br><br>Pretrial Conference: August 27, 2012<br>Time:                        3:00 p.m.<br>Location:                 Courtroom 2, 17th Floor<br><br>Trial:   September 11, 2012<br><br>**Hon. Thelton E. Henderson** |

## I.   INTRODUCTION

Defendants Chris Searle, Darren Pang, and the City of Sunnyvale hereby move this Court *in limine* for an Order excluding any and all testimony, reference to testimony, or argument relating to defendant officers driving unmarked cars commonly driven by gang members.

## II.   ARGUMENT

**A.   <u>Evidence at Issue</u>**

Plaintiffs included in the joint pretrial conference statement in their statement about the substance of the action that the defendant officers drove a gold unmarked Mustang and a gold unmarked Monte

1

Carlo, types of cars commonly driven by gang members. Defendants anticipate that plaintiffs will try and argue that Decedent believed the officers to be members of a rival gang based on the cars they were driving and thus tried to flee from them in his car.

### B. Evidence and Argument about the Cars Driven by Defendant Officers is Irrelevant and Prejudicial

Evidence which is not relevant is not admissible. FRE 402. To be relevant, the proffered evidence must have a tendency to prove or disprove some fact that is of consequence in this action. FRE 401. Plaintiffs should not be able to put on testimony or argument that on the day of the incident the defendant officers were driving cars commonly driven by gang members. This evidence is only possibly 'relevant' to Decedent's state of mind, but Decedent's state of mind is irrelevant to issue of excessive force. The sole issue is whether Detective Pang acted reasonably when he decided to employ deadly force against Decedent. *See Graham v. Conner,* 490 U.S. 386, 396-97 (1989).

Even if this court finds that the evidence is somehow relevant to the issues at hand, it should be excluded because it is more prejudicial than probative. FRE 403. The jury will tend to believe that the decedent Jose Canas thought the police were members of a gang and this caused him to try and flee in his car. This evidence is purely speculative and is prejudicial to the defendants. There is no basis in fact that Jose Canas actually believed the defendants officers were members of a gang and any testimony or argument about this should be excluded because it is significantly more prejudicial than probative and it would mislead the jury.

### D. Plaintiffs' Expert Has Offered No Opinion Regarding Gang Cars

The FRCP Rule 26 expert statement of plaintiffs' police practices expert, Roger Clark, makes no mention of any theory regarding cars driven by gang members and Decedent's supposed perceptions or actions. Thus, plaintiffs have not established sufficient preliminary facts that certain cars are associated with a particular gang, and that particular cars would have any significance to Decedent. FRE 702. Plaintiffs should not be permitted to testify regarding an argument not disclosed through and supported by expert testimony.

## III.     CONCLUSION

Defendants therefore respectfully request an order *in limine* to exclude testimony and argument regarding the defendant officers wearing gang colors on the day of the incident.

Dated:  August 21, 2012                                                  BERTRAND, FOX & ELLIOT


By:   */s/ Meaghan A. Snyder*
       Gregory M. Fox
       Meaghan A. Snyder
       Attorneys for Defendants
       CITY OF SUNNYVALE, CHRIS SEARLE and DARREN PANG

DEFENDANTS' MIL NO. 7: TO EXCLUDE TESTIMONY ABOUT THE CAR DRIVEN BY DEFENDANTS
*CANAS v. CITY OF SUNNYVALE, et al*.
US District Court Case No. 3:08-cv-05771-TEH