Gregory M. Fox, State Bar No. 070876
Meaghan A. Snyder, State Bar No. 279392
BERTRAND, FOX & ELLIOT
The Waterfront Building
2749 Hyde Street
San Francisco, California 94109
Telephone: (415) 353-0999
Facsimile:  (415) 353-0990

Attorneys for Defendants
CITY OF SUNNYVALE, CHRIS SEARLE and DARREN PANG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA CANAS, JOSE CANAS, a minor, by and through his guardian ad litem, and JESUS CANAS, by and through his guardian ad litem,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>CITY OF SUNNYVALE, CHRIS SEARLE, DARREN PANG and DOES ONE through TWENTY FIVE,<br><br>　　　　Defendants. | Case No. C08-05771 TEH<br><br>**DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OR ARGUMENT ABOUT JOSE CANAS' BELIEFS OR PERCEPTIONS**<br><br>**(DEFENDANTS' MOTION *IN LIMINE* NO. 8)**<br><br>Pretrial Conference:　August 27, 2012<br>Time:　　　　　　　　3:00 p.m.<br>Location:　　　　　　Courtroom 2, 17th Floor<br><br>Trial:　September 11, 2012<br><br>**Hon. Thelton E. Henderson** |

## I. INTRODUCTION

Defendants Chris Searle, Darren Pang, and the City of Sunnyvale hereby move this Court *in limine* for an Order excluding any and all testimony, reference to testimony, or argument relating to Jose Canas' beliefs or perceptions on the day of the incident.

## II. ARGUMENT

### A. Evidence at Issue

Plaintiffs suggested in the joint pretrial conference statement in their statement about the substance of the action that the decedent Jose Canas may have believed or perceived certain things about the defendant officers as he drove away in his car on the day of the incident. Any testimony or argument about Jose Canas' beliefs is purely speculative and should be excluded as misleading to the jury and more prejudicial than probative.

### B. Evidence and Argument about the Decedent's Subjective Beliefs is Purely Speculative

Evidence which is not relevant is not admissible. FRE 402. To be relevant, the proffered evidence must have a tendency to prove or disprove some fact that is of consequence in this action. FRE 401. Plaintiffs should not be able to put on testimony or argument about certain beliefs that the decedent may have had as he drove away in his vehicle on the day of the incident. These subjective beliefs are irrelevant to the causes of action in this case. The only relevant issue is what Detective Pang knew at the time he made his decision to use deadly force. *See Graham v. Conner,* 490 U.S. 386, 396-97 (1989).

Even if this court finds that the evidence is somehow relevant to the issues at hand, it should be excluded because it is more prejudicial than probative, confuses the issues, misleads the jury, and is a waste of time. FRE 403. Any testimony about Jose Canas' beliefs is purely speculative and has no basis in fact. Thus, any testimony or argument that he believed the defendant officers were gang members, for example, would be more prejudicial to the defendants than probative of any issue in the case. Further, allowing the jury to speculate about Jose Canas' perceptions or beliefs would confuse the actual issues of excessive force and wrongful death by causing the jury to focus on an irrelevant collateral matter. Finally, allowing the jury to consider what Jose Canas may have been thinking on the day of the incident is a waste of the court and the party's time, as there is no way to prove what he actually believed or perceived.

2

DEFENDANTS' MIL NO.8: TO EXCLUDE TESTIMONY OR ARGUMENT ABOUT JOSE CANAS' BELIEFS
*CANAS v. CITY OF SUNNYVALE, et al*. US District Court Case No. 3:08-cv-05771-TEH

### III.  CONCLUSION

Defendants therefore respectfully request an order *in limine* to exclude testimony and argument regarding what the decedent Jose Canas may have been thinking as he drove away in his car on the day of the incident.

Dated:  August 21, 2012                                              BERTRAND, FOX & ELLIOT


By:  */s/ Meaghan A. Snyder*
    Gregory M. Fox
    Meaghan A. Snyder
    Attorneys for Defendants
    CITY OF SUNNYVALE, CHRIS SEARLE and DARREN PANG