Gregory M. Fox, State Bar No. 070876
Meaghan A. Snyder, State Bar No. 279392
BERTRAND, FOX & ELLIOT
The Waterfront Building
2749 Hyde Street
San Francisco, California 94109
Telephone: (415) 353-0999
Facsimile:  (415) 353-0990

Attorneys for Defendants
CITY OF SUNNYVALE, CHRIS SEARLE and DARREN PANG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA CANAS, JOSE CANAS, a minor, by and through his guardian ad litem, and JESUS CANAS, by and through his guardian ad litem,<br><br>　　　Plaintiffs,<br><br>v.<br><br>CITY OF SUNNYVALE, CHRIS SEARLE, DARREN PANG and DOES ONE through TWENTY FIVE,<br><br>　　　Defendants. | Case No. C08-05771 TEH<br><br>**DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OR ARGUMENT ABOUT ACTIONS THE OFFICERS SHOULD HAVE TAKEN IN HINDSIGHT**<br><br>**(DEFENDANTS' MOTION *IN LIMINE* NO. 9)**<br><br>Pretrial Conference:　August 27, 2012<br>Time:　　　　　　　　3:00 p.m.<br>Location:　　　　　　Courtroom 2, 17th Floor<br><br>Trial:　September 11, 2012<br><br>**Hon. Thelton E. Henderson** |

1

DEFENDANTS' MIL NO. 9: TO EXCLUDE TESTIMONY OR ARGUMENT ABOUT ACTIONS THE OFFICERS SHOULD HAVE TAKEN IN HINDSIGHT
*CANAS v. CITY OF SUNNYVALE, et al*.  US District Court Case No. 3:08-cv-05771-TEH

## I. INTRODUCTION

Defendants Chris Searle, Darren Pang, and the City of Sunnyvale hereby move this Court *in limine* for an Order excluding any and all testimony, reference to testimony, or argument relating to what the officers should have done under the circumstances based on the benefit of 20/20 hindsight vision.

## II. ARGUMENT

### A. Evidence at Issue

Defendants anticipate that plaintiffs, or witnesses on their behalf, may seek to argue or testify that the defendant officers could and should have taken different actions on the day of the incident. Any such argument or testimony is speculative and its prejudicial effect significantly outweighs any probative value it may have.

### B. Evidence and Argument about what the Defendant Officers Should Have Done is Irrelevant

Evidence which is not relevant is not admissible. FRE 402. To be relevant, the proffered evidence must have a tendency to prove or disprove some fact that is of consequence to the action. FRE 401. Plaintiffs should not be able to put on testimony or argument about what the defendant officers could have or should have done at the time of the incident. Any argument or testimony about actions the officers could have taken to avoid the incident has the benefit of 20/20 hindsight vision and is irrelevant for purposes of deciding the issues in this case. *See Graham v. Conner,* 490 U.S. 386, 396-97 (1989) [The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight]; *see also Jackson v. City of Bremerton*, 268 F.3d 646, 651 (9th Cir.2001) [The "consideration of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation."]. Certainly the officers could have done many things in the situation they confronted; however, the actions they chose to take were reasonable under the circumstances in response to a fleeing felon who posed a danger to the officers and others.

Even if this court finds that the evidence is somehow relevant to the issues at hand, it should be excluded because it is more prejudicial than probative, confuses the issues, misleads the jury, and is a waste of time. FRE 403. Any testimony about what the officers could have done in the situation which

they did not do is purely speculative and has no basis in fact.  Further, allowing the jury to speculate about the multitude of different actions the officers could have taken would confuse the standard for deciding the actual issues of the case.  Whether the officers violated plaintiffs' rights is not decided by what the officers could have done in hindsight.  Finally, allowing the jury to consider alternative courses of action by the officers is a waste of the court and the party's time, as there are a number of different courses of action the officers could have taken.

### III.   CONCLUSION

The Sunnyvale defendants therefore respectfully request an order *in limine* to exclude testimony and argument that has the benefit of 20/20 hindsight vision regarding actions the officers could have taken the day of the incident.

Dated:  August 21, 2012                                        BERTRAND, FOX & ELLIOT


By:   */s/ Meaghan A. Snyder*
        Gregory M. Fox
        Meaghan A. Snyder
        Attorneys for Defendants
        CITY OF SUNNYVALE, CHRIS SEARLE and DARREN PANG

3

DEFENDANTS' MIL NO. 9: TO EXCLUDE TESTIMONY OR ARGUMENT ABOUT ACTIONS THE OFFICERS SHOULD HAVE TAKEN IN HINDSIGHT
*CANAS v. CITY OF SUNNYVALE, et al*.  US District Court Case No. 3:08-cv-05771-TEH