IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ERIKA CANAS, et. al,

    Plaintiffs,

v.

CITY OF SUNNYVALE, et al.,

    Defendants.

NO. C08-5771 TEH

ORDER ON MOTIONS IN LIMINE

  After carefully considering the parties' written arguments on their motions in limine, the Court finds oral argument to be unnecessary and now rules as follows:

  Plaintiffs' Motions in Limine Nos. 1-4 are GRANTED as unopposed.

  Defendants' Motion in Limine No. 1 is GRANTED IN PART and DENIED IN PART. The Court's September 5, 2012 order on trial procedures sets out the processes by which the parties are to advise opposing counsel and the Court of documents they plan to introduce and witnesses they plan to call during the trial. The parties are directed to abstain from referring, in the presence of the jury, to any document not yet admitted into evidence until opposing counsel has had an opportunity to request a hearing on the document's admissibility. Any such hearing shall take place outside the presence of the jury. If a party challenges the admissibility of evidence, Counsel shall not refer to that evidence or display it to the jury, until the Court has issued a ruling on its admissibility.

  Defendants' Motion in Limine No. 2 is GRANTED as unopposed. Counsel is hereby ordered to instruct all witnesses, except those witnesses who are parties to this action, not to enter the courtroom until called to testify. Counsel shall further instruct witnesses not to mention this restriction, or the fact that this motion has been filed, in court.

Defendants' Motion in Limine No. 3 is DISMISSED by consent of the parties.

Defendants' Motion in Limine No. 4, seeking to exclude the resumes and written reports of all the retained experts in this action, is GRANTED. Federal Rules of Evidence 702 and 703 permit experts to testify to their opinions and to rely on inadmissible hearsay in forming the bases of those opinions, but they do not permit the introduction into evidence of documents containing expert opinions when offered for the truth of the matters addressed in those documents. The resumes and written reports do not appear to fall under any exception to the hearsay rule. Since the experts will testify at trial to their qualifications and to the matters addressed in their reports, it is not necessary to admit their resumes and written reports, which lack any independent guarantee of trustworthiness.

Defendants' Motion in Limine No. 5, seeking to bar testimony by Plaintiffs' expert, Roger Clark, is GRANTED IN PART and DENIED IN PART. In their opposition, Plaintiffs indicated that the parties had agreed that Clark would be deposed during the week of September 3, 2012; Defendants' request to exclude Clark's testimony because Plaintiffs failed to produce him for deposition therefore appears to be moot. Defendants otherwise fail to argue with sufficient specificity why the Court should bar the entirety of Clark's proposed testimony. The motion therefore is DENIED insofar as Defendants seek to exclude Clark's testimony in its entirety.

Defendants' request to bar Clark's testimony about the reasonableness of the officers' conduct and about whether they acted recklessly or dangerously is GRANTED IN PART and DENIED IN PART. In a civil case, "[a]n opinion is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704(a). However, legal conclusions, such as whether or not the officers' use of force was reasonable for Fourth Amendment purposes, are not appropriate topics of expert testimony. *See Aguilar v. Int'l Longsoremen's Union*, 966 F.2d 443, 447 (9th Cir. 1992). The Court may revisit whether Clark's testimony meets the requirements of Rule 702 based on the testimony presented at trial.

2

Defendants' request to bar Clark from testifying about conduct by the Sunnyvale Department of Public Safety is GRANTED as unopposed.  This ruling does not preclude Clark from testifying about police practices and protocols, including those of the Sunnyvale Department of Public Safety, or from giving his opinion as to whether or not Defendants' conduct conformed to those practices and protocols.

Finally, Defendants' request to exclude testimony by Clark about what Cañas may have seen or thought is GRANTED.  Any such testimony would be speculative and would be an improper subject of testimony by Clark, whose expertise does not qualify him to draw inferences with regard to what Cañas may have seen or thought beyond those inferences which a jury would be competent to draw.  Fed. R. Evid. 702(a).

<u>Defendants' Motions in Limine No. 6 and No. 7</u>, asking the Court to preclude testimony about the colors the officers wore and the cars they drove, respectively, are DENIED without prejudice.  The relevance of such evidence to the negligence and Fourth Amendment claims is not "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.  Depending on the evidence Plaintiffs actually seek to present at trial, the Court may revisit this ruling.

<u>Defendants' Motion in Limine No. 8</u> is GRANTED as unopposed.  Witnesses may not testify about what Cañas believed or perceived during the events leading up to his death.

<u>Defendants' Motion in Limine No. 9</u>, requesting that the Court bar testimony and arguments about what officers could or should have done in hindsight is DENIED insofar as Defendants seek to exclude testimony on police practices and the standard of care, and whether the officers' actions violated those policies or failed to adhere to that standard of care.

3

Defendants' Motion in Limine No. 10 is DISMISSED as moot. In their opposition, Plaintiffs assert that they agreed to produce their experts for deposition the week of September 3, 2012.

**IT IS SO ORDERED.**

Dated: _____

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

4